UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN DEFFES | CIVIL ACTION |
| V. | NO. 15-51 |
| SHELL OIL COMPANY ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the reasons that follow, the motion is DENIED.

Background

Ms. Deffes brings this suit individually and as the legal representative of her late husband, Raymond Deffes. Mr. Deffes died from non-Hodgkin's lymphoma in late 2014, allegedly as a result of repeated exposure to benzene. Ms. Deffes filed suit against Shell Oil Company and Shell Chemical LP (collectively Shell) alleging that from 1965 to 1989, because of his work as an electrician at Shell facilities, her late husband came into regular contact with benzene and benzene-containing products that led to his death.

I.

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The moving party "must

1

point out the defects complained of and the details desired." Id. "When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8." Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959); Who Dat Yat Chat, LLC v. Who Dat, Inc., Nos. 10-1333, 10-2296, 2012 WL 2087438, at *6 (E.D. La. June 8, 2012). Rule 12(e) motions are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Phillips v. ABB Combustion Eng'g, Inc., No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013). This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion." Murungi v. Tex. Guaranteed, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (citations omitted).

II.

The defendants contend that the complaint is deficient because it does not include: (1) which Shell facilities Mr. Deffes worked at; (2) the names of his employers while he was working at the Shell facilities; (3) the dates that he worked for each employer; (4) which Shell facilities he visited for which employer; (5) the dates when he visited each Shell facility for each employer; (6) the precise work that he performed for each employer while at each Shell facility; and (7) the sources behind the allegations of Paragraph 21.[1]  Rule 8 simply does not require the specificity

---

[1] Paragraph 21 of the complaint reads:
  Shell knew that it was exposing contract workers such as Mr. Deffes to unsafe levels of benzene but failed to warn the contract workers or provide respiratory protection to save costs.  Shell also knew that contract workers including electricians had abnormal blood results as a result of benzene exposure and failed to warn other contract workers.  Shell knew that it had increase[d] incidences of non-[H]odgkin's lymphoma of employees and retire[e]s in 1977 but failed to warn employees and contract workers.  Shell knew that employees with abnormal blood results resulted in cases on non-[H]odgkin's lymphoma but failed to warn contract workers and employees or provide respiratory protection.  Shell failed to inform contract workers of cases of non-[H]odgkin's lymphoma due to benzene exposure.  Shell withheld this data evidencing increases in non-[H]odgkin's lymphoma from OSHA to avoid liability.
  The defendants knew or should have known about the causal relationship between benzene and cancer-related illnesses.  The defendants failed to warn Mr. Deffes and other similarly situated workers about the health hazards associated with benzene.
  The defendants are guilty of negligence, gross negligence, strict liability, and fault identified throughout this complaint most specifically as follows:

requested by the defendants.  The plaintiff alleges that her late husband was exposed to benzene while working at the Shell facilities in the Eastern District of Louisiana over the period of several years, that the defendants failed to warn or protect Mr. Deffes from exposure to benzene, and that he developed non-Hodgkin's lymphoma and eventually died as a result of the defendants' action or inaction.  She brings claims based on negligence, gross negligence, strict product liability, and Louisiana Civil Code article 2317, as in existence at the time of the benzene exposure.  She sets forth the elements of each claim in detail.

    The defendants take particular issue with the fact that the location of the Shell facilities is not included in the complaint, likening this case to Clark v. McDonald's Corp., 213 F.R.D. 198, 233 (D.N.J. 2003).  There, the plaintiffs alleged that McDonald's restaurants violated the Americans with Disabilities Act.  The "breadth of the amended complaint . . . [had] the potential to encompass approximately 3,000 McDonald's locations."  Id. at 234.  The plaintiffs' counsel had admitted to the court that approximately 150 restaurants had been visited and that alleged ADA problems were found to exist in about one-third of them.  Thus, the court found that there was a "'shotgun' component to Plaintiffs' amended complaint, which d[id] not discriminate between the restaurants known to be in violation of the ADA from those which

4

are not."  Id.  McDonald's was thus "left to guess" which of its thousands of locations were at issue.  Id.

This case is not comparable to McDonald's.  The complaint states that the events giving rise to the lawsuit took place in the Eastern District of Louisiana.  The plaintiff contends that the complaint clearly refers to the Shell facilities in Norco, Louisiana, the only facilities in the Eastern District of Louisiana dealing with the hazardous materials listed in the complaint, if not the only facilities in the district generally.  The Court does not find that the absence of the word "Norco" renders the complaint "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Phillips, 2013 WL 3155224, at *2.  The other additional information the defendants demand the plaintiff allege is a question of discovery.  Rash v. Bisso Marine Co., Inc., No. 13-2622, 2013 WL 5934617, at *2 (E.D. La. Oct. 31, 2013).

Accordingly, IT IS ORDERED that the defendants' motion for a more definite statement is hereby DENIED.

New Orleans, Louisiana, March 16, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE